UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

MARC V. MILLINE                                         CASE NO: 8:07-CV-00463-T-30MSS

    Plaintiff,

vs.

FIRST NLC FINANCIAL SERVICES, LLC;
WILSHIRE CREDIT CORPORATION, A Nevada Corp.;
LaSALLE BANK, N.A. AS TRUSTEE FOR THE
MLMI TRUST SERIES 2006-HEF; ANCHOR MORTGAGE
a/k/a ANCHOR LOANS, INC., and JOHN AND JANE DOES
1-10,

    Defendants.

_____/

## MOTION TO DISMISS WITHOUT PREJUDICE

Defendants, WILSHIRE CREDIT CORPORATION, ("WILSHIRE"), and LaSALLE BANK, N.A. AS TRUSTEE FOR THE MLMI TRUST SERIES 2006-HEF ("LASALLE"), by and through their undersigned counsel files this, its Motion to Dismiss without prejudice, to bring the action in the state court foreclosure action, and state:

## BACKGROUND OF CASE

1. This matter arises from a lawsuit filed in the circuit court for Polk County, Florida, seeking to foreclosure a mortgage encumbering property locate in Polk County, Florida.

2. Defendant, MARC V. MILLINE ("MILLINE") executed a promissory note and delivered a mortgage securing payment of the note to Mortgage Electronics Registration Systems, Inc., as nominee for First NLC Financial Services, LLC, on May 19, 2006. The mortgage was recorded in the official records Book 6799, Page 106 of the public records of Polk County, Florida. The mortgage was assigned and transferred to Lasalle Lasalle Bank, N.A., as Trustee for the MLMI Trust Series 2006-HEF.

3. MILLINE is a citizen of Polk County, Florida.

4. On February 28, 2007, LASALLE filed a Complaint to foreclose MILLINE's mortgage. LaSALLE'S Complaint also seeks re-establishment of the lost promissory note pursuant to Florida Statute 673.3091. Refer to Plaintiff MILLINE's Complaint, Exhibit "1".

5. Defendant MILLINE was served with the Foreclosure Complaint on March 3, 2007 at the property address, where he resides, to wit: 407 Knollwood Drive, Davenport, FL 33837.

6. On March 15, 2007, in response to the foreclosure Complaint, Defendant MILLINE filed the within Federal action as a "defensive affirmative complaint" (Plaintiff's Complaint, paragraph 1.), raising claims for affirmative relief pursuant to the Federal Truth in Lending Act ("TILA") and the Real Estate Settlement Procedures Act ("RESPA"), and attempting the bring the state foreclosure action within the jurisdiction of the Federal Court, pursuant to 28 U.S.C. 1367 and pendent jurisdiction.

7. On March 21, 2007 MILLINE then filed a Motion to Dismiss the Complaint in the state foreclosure action. A copy of the Defendant MILLINE's Motion to Dismiss is attached hereto as Defendants' **Exhibit "A."**

8. On April 13, 2007 a hearing was held in the state foreclosure action on MILLINE's Motion to Dismiss the foreclosure. The Court Ordered that the Motion to Dismiss be denied, and that MILLINE file his Answer and any defenses to the Complaint on or before May 3, 2007. The Order was submitted to the Court for entry on April 13, 2007, but had not yet been entered at the time of this pleading.

### JURISDICTION VESTS IN THE COURT FROM WHICH SERVICE OF PROCESS IS FIRST PERFECTED

9. When two actions based on the same cause of action are pending, jurisdiction vests in the court from which service of process if first perfected. *Mabie v. Garden St. Management Corp.*, 397 So. 2d 920, 921 (Fla. 1981). Here, Defendant LaSalle, by its servicing agent, Wilshire Credit Corporation, filed a foreclosure action in state court on February 28, 2007. Service was made on MILLINE on March 3, 2007, per the process server affidavit filed with the court. A certified copy of the Return of Service is attached hereto and marked as Defendants' **Exhibit "B".**

### PLAINTIFF'S CLAIMS ARE COMPULSORY COUNTERCLAIMS THAT ARE MORE PROPERLY RAISED IN THE STATE FORECLOSURE ACTION

10. Under Florida law, a compulsory counterclaim is defendant's cause of action arising out of the same transaction or occurrence that formed the subject matter of Plaintiff's claims. In order to determine whether a counterclaim is compulsory, Florida courts consider whether one or more of the following apply:

    a. Whether fact and law raised by claim and counterclaim are largely the same;

    b. Whether res judicata would bar subsequent suit on the matter;

    c. Whether substantially the same evidence will support or refute Plaintiff's claim and defendant's counterclaim; or

    d. Whether there is any "logical relationship" between the claim and counterclaim.

*Puff 'n Stuff v. Federal Trust Bank, F.S.B.*, 945 F. Supp. 1523, 1530 (D. Fla. 1996).

11. In the *Puff 'n Stuff* case, the Plaintiff brought a Federal RICO case against the Defendants, who had filed a foreclosure action in state court prior to the Federal action. Using the analysis above, the Court concluded: "Accordingly, and without rehashing the reasoning above, the court finds plaintiffs may not maintain their RICO claim here." *Id.*, at 1531. The Court added further that Florida's compulsory counterclaim rule bars the prosecution of the RICO claim in Federal Court. *Id.*

Similarly, Plaintiff MILLINE is barred from maintaining his TILA and RESPA actions in Federal Court, and the Complaint should be dismissed.

12.   In order to circumvent the compulsory counterclaim rule, MILLINE filed a Motion to Dismiss the foreclosure Complaint, hoping to have the Complaint dismissed, thereby protecting his Federal case.   Similarly, MILLINE is attempting to circumvent the rules regarding removal, since he would not have been able to remove the claims to Federal court had he first filed them as compulsory counterclaims. (See argument below.)  The Federal case should be dismissed.

### MILLINE CANNOT CREATE A FEDERAL ISSUE BY FILING A CASE IN FEDERAL COURT IN RESPONSE TO A STATE FORECLOSURE ACTION

13.   The underlying foreclosure Complaint filed by LaSALLE does not contain a federal question.

14.   MILLINE cannot, through a separately filed Federal case[1] raising federal claims that should more appropriately have been raised as compulsory Counterclaims to the foreclosure, establish an independent basis for federal question jurisdiction.  A similar argument was rejected by the Supreme Court in the case of *The Holmes Group, Inc*. v. *Vornado Air Circulation Systems, Inc.* 535.U.S. 826 (202), involving the removal statute.

15.   In *Holmes*, the Defendant argued that a well-pleaded complaint rule should be broadly interpreted such that a Counterclaim for patent and copyright infringement would serve as a basis for the District Court's "arising under jurisdiction."  In rejecting the Defendant's argument, the Supreme Court applied reasoning which WILSHIRE and LaSALLE submits is applicable in this case stating:

> "Allowing a Counterclaim to establish "arising under" jurisdiction would also contravene the longstanding policies underlying our precedents. First, since the Plaintiff is "the master of the Complaint," the well-pleaded-complaint rule enables him, "by eschewing" claims based on federal law,... to have the

---

[1] In which the Plaintiff MILLINE pleads that the action is a "defensive affirmative Complaint"..."as a result of the judicial foreclosure".

cause heard in State Court."[2] The rule proposed by Respondent in contrast, would leave acceptance or rejection of a state forum to the master of the counterclaim. It would allow a Defendant to remove a case brought in state court under state law, thereby defeating a Plaintiff's choice of forum, simply by raising a federal counterclaim. *Id at 831-832*.

16.     In the within case, MILLINE circumvented the rules regarding removal by bringing his action in Federal court directly, rather than filing his claims as counterclaims in the state foreclosure action.   Defendant LASALLE BANK, by bringing the foreclosure action in state court, determined the forum for resolution of all claims arising out of the mortgage transaction.

## NO DIVERSITY JURISDICTION

17.     Based on the ruling in *Holmes*, MILLINE'S Federal action does not provide the federal law claim that would confer subject matter jurisdiction upon this court.

18.     It is undisputed that MILLINE is a citizen of Polk County, Florida.

19.     The burden of establishing federal jurisdiction falls on the party attempting to invoke the jurisdiction of the federal court. *McNutt v. Gen. Motors Acceptance Corp.,* 298 U.S. 178, 189, 56 S. Ct. 780, 80 L.Ed. 1135 (1936).   MILLINE would not be able to remove the foreclosure action by filing his compulsory counterclaims asserting TILA and RESPA violations.   MILLINE should not be able to usurp the removal laws by filing a second action in Federal Court in response to the state foreclosure action.  "For better or worse, under the present statutory scheme as it has existed since 1887, a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case "arises under" federal law." *General Electric Capital Auto Lease, Inc. v. Mires*, 788 F. Supp. 948, 950 (D. Mich. 1992), citing *Franchise Tax Bd. v. Construction Laborers Vacation Trust*, 463 U.S. 1, 10, 77 L. Ed. 2d 420, 103 S. Ct. 2841 (1983).   As the Court in Mires concluded:

---

[2]The Court cites *Caterpillar v. Williams, 482* U.S.386, 392, 96 L.Ed. 2nd 318, 107 S. Ct. 2425 (1987).

In the instant matter, Mires and Kus have asserted a cause of action under the TILA. The Congressional declaration of purpose indicates that it intended to assure meaningful disclosure to consumers on the use of credit and the terms of leases for personal property. 15 U.S.C. §§ 1601. Absent in the statute are any provisions which purport to demonstrate the preemption of state causes of action. In fact, it appears that the TILA is often interpreted with reference to state law or concurrent with state law. See, Tillquist v. Ford Motor Co., 714 F. Supp. 607 (D.Conn. 1989). Parry v. Ford Motor Credit Co., 575 F. Supp. 204 (S.D. Ohio 1983).   *General Electric Capital Auto Lease, Inc. v. Mires*, 788 F. Supp. 948, 950 (D. Mich. 1992).

20. This "complete pre-emption" doctrine, however, does not apply to TILA. TILA does not contain a civil enforcement provision that requires complete preemption of law, nor is there any other manifestation that Congress intended preemption. Additionally, absent "complete preemption" of state causes of action, the defendant cannot establish that a federal court has original jurisdiction by arguing preemption as a defense. *Jackson v. Bank One*, 952 F. Supp. 734, 736 (D. Ala. 1996).

### SUPPLEMENTAL OR PENDENT JURISDICTION IS NOT WARRANTED

21. Since the Plaintiff MILLINE could not have removed the TILA claim, had it been brought as a Counterclaim to the state foreclosure action, the claim should be dismissed, without prejudice, so that MILLINE may bring the action in the state foreclosure action. MILLINE attempts to bring the action pursuant to the Court's "supplemental" and pendent jurisdiction. However, since the state foreclosure action was filed and served upon MILLINE prior to his Federal action, this court should not exercise supplemental or pendent jurisdiction, but should instead dismiss the action without prejudice. "When a court decides not to exercise supplemental jurisdiction under §§ 1367(c)(3) because only state claims remain, the proper action is a dismissal without prejudice so that the complaining party may pursue the claim in state court." *Ingram v. Sch. Bd.*, 167 Fed. Appx. 107, 109 (11th Cir. 2006), citing to *Crosby v. Paulk*, 187 F.3d 1339, 1352 (11th Cir. 1999).

### CAUSE OF ACTION MAY NOT BE SPLIT

22. Pursuant to Florida law, a cause of action may not be split. All damages accruing to a person as a result of a single act must be claimed and recovered in one action, or not at all. "The rule

against splitting causes of action is predicated on the following basic policy considerations: (1) finality in court cases promotes stability in the law; (2) multiple lawsuits arising out of a single incident are costly to litigants and an inefficient use of judicial resources; and (3) multiple lawsuits cause substantial delay in the final resolution of disputes." *Tucker v. John Galt Ins. Agency Corp.*, 743 So. 2d 108, 110 (Fla. 4th DCA 1999),  see also,  *Alvarez v. Nestor Salesco, Inc.*, 695 So. 2d 941, 942 (Fla. 4th DCA 1997)(quoting *Gaynon v. Statum*, 151 Fla. 793, 10 So. 2d 432, 433 (1942)).

23.     This rule, in conjunction with Florida's compulsory counterclaim rule, precludes the Plaintiff MILLINE from bringing the within causes of action in a separately filed Federal action, where the Defendants have filed and served MILLINE with a state foreclosure action.   MILLINE"s Motion to Dismiss the foreclosure Complaint has now been denied by the state court, and an Answer is due to be filed on or before May 3, 2007.   The Federal case should be dismissed without prejudice, so that MILLINE can properly bring his actions as compulsory counterclaims to the foreclosure.

## CONCLUSION

24.     Based on all of the foregoing, WILSHIRE and LaSALLE MORTGAGE CORPORATION move this Court for an Order Dismissing the action without prejudice, so that the claims may be brought in the state foreclosure action, and prays that this Court will enter any other relief it deem just and appropriate.

                                              SMITH, HIATT & DIAZ, P.A.
                                              Attorneys for WILSHIRE & LASALLE
                                              PO BOX 11438
                                              Fort Lauderdale, FL  33339-1438
                                              Telephone: (954) 564-0071
                                              Facsimile:  (954) 564-9252


                                            By:**/s/ Roy A. Diaz**
                                                 Roy A. Diaz
                                                 Florida Bar No. 767700

**CERTIFICATION OF MAILING**

      I HEREBY CERTIFY that a true and copy of the foregoing Motion to Dismiss was forwarded this 13th day of <u>April,</u> 2007 to Marc V. Milline, 407 Knollwood Drive, Davenport, FL 33837.

      SMITH, HIATT & DIAZ, P.A.
Attorneys for WILSHIRE & LASALLE
PO BOX 11438
Fort Lauderdale, FL  33339-1438
Telephone: (954) 564-0071
Facsimile:  (954) 564-9252


By:**/s/ Roy A. Diaz**
   Roy A. Diaz
   Florida Bar No. 767700